UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO
CORPORATION LIMITED,

    Plaintiffs,

v.                                           Case No.: 2:23-mc-3-SPC-KCD

MICHAEL JAMES LINDELL, MY
PILLOW, INC., and DENNIS
MONTGOMERY,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Compel Compliance with Subpoena. (Doc. 1.)[1] Neither the target of the subpoena nor Plaintiffs have responded, and the deadline to do so expired. Thus, this matter is ripe. For the reasons below, the motion is granted.

### I. Background

Defendant Michael Lindell and his company are embattled in a defamation suit in the District Court of Minnesota. Lindell made numerous

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

public statements about the validity and security of the 2020 Presidential Election. Those statements are now the subject of the pending litigation.

As part of his defense, Lindell claims he relied on information obtained "about Dennis Montgomery through talking to other people with knowledge of him and ultimately through communications directly with him." (Doc. 3 at 3.) According to Lindell, Montgomery communicated that he "used his technical skills to obtain electronic data showing that the 2020 presidential election had been hacked and vote tallies manipulated." (Doc. 1 at 6.) Lindell subpoenaed the relevant evidence from Montgomery, directing him to produce any responsive documents in this District. (*Id.*)

Montgomery's attorney informed Lindell that although he had responsive materials, he would not comply with the subpoena unless compelled by a court order. (*Id.* at 4; Doc. 2-1 at 171[2].) Montgomery's letter to Lindell also suggested the federal government may seek to limit his disclosures. (Doc. 2-1 at 171.) Thus far, the federal government has not intervened. And Montgomery does not appear to otherwise oppose the relief Lindell seeks. Specifically, Lindell asks the Court to "issue an order compelling Mr. Montgomery to produce the materials requested by the Subpoena within two weeks of the order's issuance." (Doc. 1 at 10.)

---

[2] Doc. 2-1 contains multiple documents combined into a single composite file. Thus, citations to this exhibit refer to the page numbers CM/ECF generated for the composite file.

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition.

Written objections may be served by the nonparty, but they must be made before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived."). If a party objects to a Rule 45 subpoena, it must demonstrate that compliance presents an undue burden or would require the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

### III. Discussion

The record contains no evidence that Montgomery objected to the subpoena or sought a protective order. Lindell asserts he did neither. (Doc. 1 at 2.) Moreover, Montgomery apparently told Lindell he "will comply with the subpoenas [they] have issued only if a court orders him to . . . pursuant to a motion or motions to compel." (Doc. 2-1 at 171.) Given these facts, any objections Montgomery may have had were waived.

Further, the Court finds Federal Rule of Civil Procedure 45 satisfied. Montgomery waived service and admitted to possessing responsive information (Doc. 2-1 at 171); he was directed to produce the responsive materials within 100 miles of his residence (Doc. 1 at 4); and there has been no attempt to quash or modify the subpoena. Thus, Montgomery must comply with the subpoena.

As Lindell notes, under Rule 45 the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "However, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-MC-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020). Thus, Lindell does not ask the Court to issue contempt sanctions, and the Court will not do so sua sponte. But if Montgomery does not comply, the matter will be revisited.

*See Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-MC-1-WWB-LHP, 2023 WL 2351657, at *3 (M.D. Fla. Mar. 3, 2023).

Accordingly, it is now **ORDERED**:

1. Defendants' Motion to Compel Compliance with Subpoena. (Doc. 1.) is **GRANTED**.

2. No later than July 31, 2023, Montgomery must either:

    a. produce all non-privileged documents that exist and are responsive to the subpoena; or

    b. produce an affidavit stating that he has conducted a reasonably diligent search and, because of that search, either (a) all responsive, non-privileged documents that exist and are in Montgomery's possession, custody, or control have been produced or (b) he has no responsive, non-privileged documents in his possession, custody, or control to produce.

    If any responsive documents are withheld for privilege, Montgomery must also produce an adequate privilege log no later than July 31, 2023.

3. Defendants are directed to serve this Order on Montgomery no later than July 17, 2023.

5

**ENTERED** in Fort Myers, Florida on July 13, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record